**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAKHVIR SINGH., | No. 08-74000 |
| Petitioner, | Agency Nos. A97-101-653 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General of the United States, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2013[**]
San Francisco, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and VANCE, Chief
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, Chief District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

Lakhvir Singh, a citizen of India and a Sikh, seeks review of the order of the Board of Immigration Appeals ("BIA") that dismissed his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination to deny Singh asylum based on a finding that his testimony was not credible. First, Singh gave inconsistent testimony about when and how he joined the political party that was the impetus for his alleged persecution. Further, his testimony regarding his first arrest omitted a serious form of abuse that he described in his asylum application, and his explanation for the omission was implausible. Third, he offered inconsistent evidence as to whether he had to spend several days in a hospital crying in pain as a result of his injuries or just went for treatment at a doctor's private residence. These inconsistencies support the immigration judge's adverse credibility determination because they "strike at the heart of the claim." See Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir. 2006).

Because Singh failed to demonstrate his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. <u>See</u> <u>Farah v. Ashcroft</u>, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Singh's CAT claim is based on the same testimony the immigration judge determined was not credible, and Singh did not support his claim with other evidence, he has failed to establish eligibility for CAT relief. <u>See</u> <u>id.</u> at 1156-57.

**PETITION FOR REVIEW DENIED.**